**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DASHON KELSON,<br><br>    Petitioner,<br><br>v.<br><br>MARQUIS JOHNSON, *et al.*,<br><br>    Respondents. | No. 24cv8612 (EP)<br><br>**OPINION** |

**PADIN**, **District Judge.**

Petitioner Dashon Kelson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. D.E. 1.

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed *in forma pauperis*, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed *in forma pauperis*. L. Civ. R. 81.2(c). Here, Petitioner did not submit an *in forma pauperis* application or pay the $5.00 filing fee.

The Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1] Petitioner will be granted leave to apply to re-open within thirty (30) days, by paying the filing fee of $5.00 or submitting a complete *in forma pauperis* application. An accompanying Order will be entered.

September 6, 2024

Evelyn Padin, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).